[Cite as *Bahen v. Diocese of Steubenville*, 2013-Ohio-2168.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| GREGG BAHEN, | ) | |
| | ) | CASE NO. 11 JE 34 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DIOCESE OF STEUBENVILLE, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas Court, Case No. 11 CV 508.

JUDGMENT:      Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellant:      Attorney John Mascio
Mascio Law Offices
325 North 4th Street, Lower Level
Steubenville, OH 43952

For Defendants-Appellees:      Attorney Melanie Morgan-Norris
Steptoe & Johnson PLLC
1224 Main Street, Suite 300
Wheeling, WV 26003-0751

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: May 24, 2013

DeGenaro, P.J.

{¶1} Plaintiff-Appellant, Gregg Bahen, appeals the decision of the Jefferson County Court of Common Pleas granting Defendants-Appellees', the Steubenville Herald Star, Alex Marshall, and Ogden Newspapers of Ohio, Inc., motion to dismiss his amended complaint for defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress. Bahen argues that the trial court erred in dismissing his amended complaint because he stated a claim upon which relief can be granted. Further, he contends that the trial court erred in applying the neutral reportage privilege.

{¶2} Upon review, Bahen's arguments are meritorious. The trial court erred in applying the neutral reportage privilege because the Ohio Supreme Court has declined to adopt the doctrine, and moreover, by dismissing Bahen's Amended Complaint on that basis alone. Accordingly, the judgment of the trial court is reversed and the case remanded.

## Facts and Procedural History

{¶3} On January 3, 2011, the Diocese of Steubenville issued a press release stating that a student at Steubenville Catholic Central High School had made an allegation of physical abuse against Bahen, a teacher and head football coach, and that the Diocese determined "there is a semblance of truth to the allegation." The release further stated that pursuant to the Diocese's "Decree on Child Protection" Bahen was placed on paid leave and the matter was referred to the Jefferson County prosecuting attorney.

{¶4} On January 4, 2011, the Steubenville Herald Star reported on the Diocese's press release and stated that Bahen would remain on paid leave while the Diocese investigated a student's physical abuse allegation. In the article, the Herald Star also reported biographical information about Bahen and information on the Decree on Child Protection. At the end of the article, the Herald Star published a statement from Judy Jones, the Midwest associate director of the Survivors Network of Those Abused by Priests: "'We urge anyone who has been harmed by Gregg M. Bahen, to report it to law enforcement, not the diocese. The police are the proper officials to be investigating crimes against kids,' said Jones."

**{¶5}** On September 1, 2011, Bahen filed a complaint against the Herald Star; its publisher, Alex Marshall; and its parent company, Ogden Newspapers of Ohio, Inc. (collectively, "the Newspaper Defendants"); WTOV-TV; its parent company, Cox Enterprises, Inc.; and a number of its employees (collectively, "the Television Defendants"); as well as the Diocese and its Communications Director. The complaint was based upon the Diocese's press release, the Herald Star's article, and a broadcast and online article by WTOV-TV based on the press release. After having obtained leave, Bahen filed an amended complaint asserting a defamation claim, and derivative claims of negligent and intentional infliction of emotional distress against the same defendants. The press release, as published on WTOV-TV's website, and the article were attached to the amended complaint and incorporated by reference.

**{¶6}** The Newspaper Defendants filed a motion to dismiss the amended complaint pursuant to Civ.R. 12(B)(6), arguing that the neutral reportage privilege applied to the article and defeated Bahen's claim. The Newspaper Defendants also filed a supplemental motion to dismiss, arguing that because their article accurately described the Diocese's press release, it was not false, warranting dismissal of the defamation claim, and by extension the derivative claims.

**{¶7}** Bahen opposed both motions to dismiss, arguing that the neutral reportage privilege does not apply because the Ohio Supreme Court had declined to adopt the doctrine; and that the newspaper article went beyond "a mere recitation of the press release itself" by including the following quote at the conclusion of the article:

> The announcement by the Diocese prompted a statement Monday afternoon from Judy Jones, Midwest Assistant Director of the organization known as Survivors Network for Those Abused By Priests.
>
> "We urge anyone who has been harmed by Gregg M. Bahen, to report it to law enforcement, not the Dioceses. The police are the proper officials to be investigating crimes against kids," said Jones.

**{¶8}** Bahen argued that one could not read the article without concluding that he physically abused a student, and this was especially damaging to his profession: "When read in the context of the entire newspaper article the statements of Defendant newspaper was [sic] in fact false and was injurious to him" noting that he "was later cleared of this false allegation by Defendant, Diocese of Steubenville."

**{¶9}** After a hearing, the trial court issued an entry granting the Newspaper Defendants' motion to dismiss:

> The Newspaper Defendants accurately and disinterestedly re-published a news release which was disseminated by defendant Diocese of Steubenville. In addition, the Newspaper Defendants published some historical information related to the plaintiff, all of which is a matter of public record. The Newspaper Defendants also included information regarding a decree which was announced by Bishop Daniel Conlon on behalf of Defendant Diocese of Steubenville and a statement made by Judy Jones, Midwest Associate Director of the organization known as the Survivors Network of Those Abused by Priests.
>
> The Court further finds that the statement published by the Newspaper Defendants was made by a "responsible and prominent organization or individual", that the statement concerned a "matter of public interest" and that the Newspaper Defendants "accurately and disinterestedly" re-published the allegedly defamatory information.
>
> The Court, having found that the plaintiff has failed to state a claim for libel per se, further finds that the plaintiff's claims for intentional infliction of emotional distress and negligent infliction of emotional distress are derivative of the libel per se claim and, therefore, each of the causes of action is hereby dismissed.

Therefore, the court finds that the plaintiff has not stated a claim against the Newspaper Defendants upon which relief can be granted and, further, that the neutral reportage privilege does apply to the Newspaper Defendants under the facts and circumstances of this case and the evidence as presented to the court."

## Compliance with Civ.R. 8(A)

{¶10} A substantive, but preliminary matter we must first address is the Newspaper Defendants' contention that we should apply the pleading standards set in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) to this case.

{¶11} Civ.R. 8(A) provides that a party states a claim for relief if the complaint contains "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." A complaint alleges the elements of the claim with sufficient particularity if it gives reasonable notice of the claim to opposing parties. *In re Election Contest of Democratic Primary Held May 4, 1999 for Clerk, Youngstown Mun. Court*, 87 Ohio St.3d 118, 120, 717 N.E.2d 701 (1999). In other words, Ohio is a notice pleading, rather than a fact pleading, jurisdiction. *Id.*

{¶12} In *Twombly*, the United States Supreme Court examined the pleading requirements pursuant to Fed.R.Civ.P. 8(a) in the context of an antitrust case. The Court held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (Citations omitted.) *Id.* at 555, quoting Fed.R.Civ.P. 8(a). In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained that the *Twombly* decision "expounded the pleading standard for 'all civil actions' * * *." *Id.* at 684.

{¶13} The Newspaper Defendants cite to one case for the proposition that Ohio

courts have used *Twombly* and *Iqbal* in applying Ohio Civ.R. 8(A). *Vagas v. City of Hudson*, 9th Dist. No. 24713, 2009-Ohio-6794, ¶13. While that may be the case, the application has also been rejected. See, *Sacksteder v. Senney,* 2d Dist. No. 24993 2012-Ohio-4452. This court has not applied the standards in *Twombly* and *Iqbal* and, significantly, the Ohio Supreme Court has not adopted those pleading standards.

{¶14} Consistent with federalism, it is the Ohio Supreme Court, rather than the United States Supreme Court, which has the sole authority to construe Ohio civil procedure. There is no Supremacy Clause conflict here; each court has the constitutional autonomy to construe the rules of pleadings governing cases filed in, respectively, Ohio and the federal courts. Accordingly, the pleading standards for interpreting Civ.R. 8(A) consistently applied in Ohio, *In re Election Contest of May 4, 1999,* will be applied here. We expressly reject the Newspaper Defendants' call to extend *Twombly* and *Iqbal* to Ohio civil procedure jurisprudence.

### Standard of Review

{¶15} Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the nonmoving party, it appears beyond doubt that the nonmoving party can prove no set of facts entitling him to the requested relief. *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶13. A Civ.R. 12(B)(6) motion to dismiss is procedural, and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). In resolving a Civ.R. 12(B)(6) motion to dismiss, a court must confine its review to the allegations contained in the complaint. *Butler v. Jordan*, 92 Ohio St.3d 354, 356, 750 N.E.2d 554 (2001), fn. 4. Whether a trial court properly granted a motion to dismiss for failure to state a claim presents a question of law and is therefore subject to a de novo review on appeal. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶5. Despite Bahen arguing the trial court abused its discretion by dismissing his Amended Complaint, this court will employ a de novo review.

**Neutral Reportage Privilege**

{¶16} In his sole assignment of error, Bahen alleges:

{¶17} "The trial court abused its discretion in granting Appellees [sic] Civil Rule 12(B)(6) motion to dismiss based upon failure to state a claim upon which relief can be granted and the neutral reportage privilege."

{¶18} Bahen raises two distinct issues which we will address in inverse order, because resolution of the second issue is dispositive of the appeal. Citing federal case law, the Fourth District set forth the elements of the neutral reportage privilege:

> First, an allegedly defamatory accusation must be made by a responsible, prominent organization or individual. Second, the accusation must concern a matter of public interest. Third, a media defendant must have accurately and disinterestedly republished the defamatory accusation. Accurate and disinterested publication is present "where the journalist believes, reasonably and in good faith, that his report accurately conveys the charges made." *Edwards,* supra, at 120. If these tests are met, the privilege will attach even though the journalist "has serious doubts regarding [the] truth [of newsworthy statements]." *Id.* Further, the journalist is under no duty to "take up cudgels against dubious charges in order to publish them without fear of liability for defamation." *Id.*

*April v. Reflector-Herald, Inc.* 46 Ohio App.3d 95, 99, 546 N.E.2d 466, 470 (Ohio App., 1988), quoting *Edwards v. Natl. Audubon Soc., Inc.* (C.A.2, 1977), 556 F.2d 113.

{¶19} Although several Ohio appellate districts have recognized the neutral reportage privilege, this court has never recognized or considered the privilege. *Wheat v. Wright*, 2d Dist. No. 8614, 1985 WL 17381, *28 (Oct. 10, 1985); *Watson* at *2-*3; *April v. Reflector-Herald, Inc.*, 46 Ohio App.3d 95, 98-99, 546 N.E.2d 466 (6th Dist.1988); *Celebrezze v. Netzley*, 8th Dist. Nos. 53864, 53865, 1988 WL 87566, *9-*10 (Aug. 4, 1988), *rev'd in part on other grounds*, 51 Ohio St.3d 89, 554 N.E.2d 1292

(1990); *J. V. Peters & Co., Inc. v. Knight Ridder Co.*, 9th Dist. No. 11335, 1984 WL 4803, *5-*6 (Mar. 21, 1984).

**{¶20}** Significantly, subsequent to these decisions, the Ohio Supreme Court in *Young v. The Morning Journal*, 76 Ohio St.3d 627, 669 N.E.2d 1136 (1996) expressly stated: "This court has never recognized the 'neutral reportage' doctrine and we decline to do so at this time. Accordingly, we will not uphold the grant of summary judgment based on the 'neutral reportage' doctrine." *Id.* at 629, N.E.2d at 1138.

**{¶21}** Since *Young,* the Ohio Supreme Court has not revisited the issue, nor has another appellate court applied the privilege. We will not do so here, and expressly reject the neutral reportage privilege.

**{¶22}** Thus, the trial court erred by dismissing the defamation claim upon the neutral reportage privilege. Importantly, the trial court's judgment entry demonstrates that the privilege was the sole basis for the dismissal.

**{¶23}** The trial court made the following findings. First, it found the Newspaper Defendants 'accurately and disinterestedly' re-published four statements: 1) the Diocese's press release; 2) historical information about Bahen that was public record; 3) the Diocese protection decree; and 4) the Jones statement. Next, it found the published statement was made by a 'responsible and prominent organization or individual' about a 'matter of public interest'. And finally, the trial court found that the Newspaper Defendants "'accurately and disinterestedly' re-published the *allegedly defamatory* information." (Emphasis added). This language exactly tracks the elements of the neutral reportage privilege. Based upon *these* findings, the trial court found that Bahen failed to state a claim upon which relief can be granted and that the neutral reporting privilege applied. As this court has rejected the applicability of the privilege to defamation claims, the trial court erred by dismissing Bahen's Amended Complaint based upon the neutral reportage privilege.

**{¶24}** Because the privilege was the only basis expressed for the dismissal, the defamatory nature of the article was never tested by the trial court. The privilege applies regardless of whether or not the statement at issue is true or defamatory—

either per se or per quod. To make that determination would defeat the purpose of the privilege: to be able to publish newsworthy statements, despite the dubious nature of their veracity, without fear of liability for defamation. *April* at * 99.

{¶25} The trial court must be afforded the first opportunity to resolve these issues. "In such a situation, the appellate court should reserve judgment until such time as the undecided issues are considered by the trial court and that decision is appealed." *Crestmont Cleveland Partnership v. Ohio Dept. of Health,* 139 Ohio App.3d 928, 935, 746 N.E.2d 222, 227 (10 Dist., 2000). Accordingly, Bahen's assignment of error is meritorious; the trial court erred by dismissing his defamation claim.

{¶26} Since we have concluded the trial court erred by dismissing the defamation claim, it also erred by dismissing Bahen's derivative claims of negligent and intentional infliction of emotional distress.

{¶27} In sum, Bahen's arguments are meritorious. The trial court erred in applying the neutral reportage privilege because the Ohio Supreme Court has declined to adopt the doctrine, and further by dismissing Bahen's Amended Complaint solely on that basis. Additionally, the dismissal of the derivative claims was erroneous. Accordingly, the judgment of the trial court is reversed and the case remanded for further proceedings.

Donofrio, J., concurs.

Waite, J., concurs.