[Cite as *Hernandez v. Riggle*, 2016-Ohio-8032.]


STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT


| | | |
|---|---|---|
| JOSE HERNANDEZ | ) | |
| ELIEL RIVERA | ) | |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | CASE NO. 15 MA 0223 |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JERRE RIGGLE, ET AL. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |


CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
                                                        Pleas of Mahoning County, Ohio
                                                        Case No. 15 CV 1725

JUDGMENT:                                   Affirmed.

APPEARANCES:
For Plaintiffs-Appellants                   Attorney Mark Hanni
                                                        839 Southwestern Run
                                                        Youngstown, Ohio 44514

For Defendants-Appellees                Attorney Craig Pelini
                                                        Attorney Kyle Johnson
                                                        8040 Cleveland Avenue, NW
                                                        Bretton Commons, Suite 400
                                                        North Canton, Ohio 44720

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                                        Dated: November 29, 2016

DeGENARO, J.

{¶1} This appeal stems from two separate cases filed by Plaintiffs-Appellants, Jose Hernandez and Eliel Rivera, alleging national origin discrimination in violation of R.C. 4112.01 against Defendants-Appellees Jerre Riggle and Bricklayers Local No. 8 that were consolidated and dismissed by the trial court. Because Hernandez and Rivera failed to plead the elements of a discrimination claim, and as R.C. 4112.02(C)(1) does not provide for individual liability of union representatives, Hernandez and Rivera's complaints were properly dismissed pursuant to Civ.R. 12(b)(6). Accordingly the judgment of the trial court is affirmed.

### Facts and Procedural History

{¶2} Hernandez and Rivera filed identical complaints pursuant to R.C. 4112.99 against Local No. 8, "a labor organization as defined in R.C. 4112.01 et. seq." and Riggle, "a duly authorized representative of Bricklayers Local No. 8 * * * acting within the scope of his authority." Hernandez and Rivera alleged that they have worked in the masonry trade, and that Local No. 8 and Riggle denied them membership in a labor organization because of their Hispanic ethnicity. Further, Hernandez and Rivera alleged that on and after January 1, 2014, they

> *made known [their] desire to join Local No. 8.* Local No. 8, through its representative, Riggle, refused to permit [Hernandez and Rivera] to join it. Local No. 8, through its representative, Riggle, stated that [Hernandez and Rivera] could not become a union member because Local 8 did not want any more 'Mexican' members. The refusal of Local 8, through its representative, Riggle, to permit [Hernandez and Rivera] to become a member of Local 8 violated R.C. 4112.01 et. seq. prohibiting national origin discrimination in employment.
>
> (emphasis added).

{¶3} Local No. 8 and Riggle moved to dismiss both complaints pursuant to Civil Rule 12(B)(6) for failure to state a claim on which relief could be granted. Hernandez and Rodriguez opposed the motion but the trial court granted it,

reasoning:

> R.C. 4112.02(C)(1) does not provide for individual or personal liability for representatives of labor unions. The statutory definition of "labor organization" set forth in R.C. 4112.01(A)(4) does not provide for the liability of "any person acting directly or indirectly in the interest" of a labor organization. As such, there is no legal authority for holding individuals liable for the act of a labor organization. Therefore, in the absence of such authority Plaintiffs' complaint against Defendant, [Jerre] Riggle is dismissed pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.
>
> Furthermore, in their complaints, the Plaintiffs each state that he "made know his desire to join Local No. 8". However, Plaintiffs' complaints are woefully deficient in stating a claim, otherwise, upon which relief can be granted. Plaintiffs fail to allege that they personally asked to join the union or took any action, whatsoever, to submit an application for union membership. Plaintiffs fail to allege that they are qualified for union membership pursuant to the applicable collective bargaining agreements and union constitution and bylaws. Plaintiffs do not allege that they sought to become employees of the union nor that the union specifically declined to provide any service that they requested. Plaintiffs do not allege that they tendered union dues, among other things or took any other affirmative action, whatsoever to join Defendant, Bricklayers Local No. 8.

## Waived Arguments

{¶4} Before addressing the merits, two preliminary issues must be addressed. Hernandez and Rivera argued for the first time in their responsive pleadings to Riggle and Local No. 8's motion to dismiss that Riggle could be held liable pursuant to R.C. 4112.02(J) as an aider and abettor. This argument was

rejected sub silencio by the trial court and is reasserted on appeal.

**{¶5}** Hernandez and Rivera failed to assert this claim in their complaints. In *Cole v. Seafare Enterprises Ltd., Inc.*, 1st Dist. No. C-950157, 1996 WL 60970, *3 (February 14, 1996), the First District similarly rejected consideration of an aider and abettor argument where the complaint was devoid of any allegations constituting an R.C. 4112.02(J) claim. "It is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *General Elec. Co. v. S & S Sales Co.*, N.D.Ohio No. 1:11CV00837, 2012 WL 2921566, *4 (July 17, 2012). "A claim cannot be asserted for the first time in an opposition brief." *Cachat v. IQS, Inc.*, 8th Dist. No. 95501, 2011-Ohio-3057, ¶ 17.

**{¶6}** We reach the same conclusion here, and will not address the merits of Hernandez and Rivera's aider and abettor claim as it was not properly asserted or preserved for appeal.

**{¶7}** Next, Hernandez and Rivera argue for the first time on appeal that they did not apply for Union membership because it would have been futile. "[I]t is a basic rule that appellate courts will not consider arguments the parties raise for the first time on appeal". *Love v. Beck*, 7th Dist. No. 14 NO 415, 2015-Ohio-1283, ¶ 33. *In re Guardianship of Kalan*, No. 13 MA 46, 2014-Ohio-4159, ¶ 29. Thus, we will not address the merits of Hernandez and Rivera's futility argument.

### Scope of Review - Civ.R. 12(b)(6) Dismissal

**{¶8}** In their sole assignment of error Hernandez and Rivera assert:

The trial court erred in dismissing this action based on their Complaints
alone pursuant to Rule 12(B)(6), Ohio Rules of Civil Procedure.

**{¶9}** A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548, 1992-Ohio-73, 605 N.E.2d 378. The trial court must construe all reasonable

inferences in the plaintiff's favor as well as that the facts alleged in the complaint are true; and if after doing so the trial court finds beyond doubt that the plaintiff can prove no set of facts warranting relief, only then is dismissal warranted. *State ex rel. Seikbert v. Wilkinson,* 69 Ohio St.3d 489, 490, 1994-Ohio-39, 633 N.E.2d 1128. The trial court must limit its consideration to the four corners of the complaint. *Union Local Assn. of Classroom Teachers of OEA/NEA v. Ohio Bd. Of Edn*, 7th Dist. No. 06 BE 33, 2007-Ohio-5053, ¶ 10. Appellate courts review the propriety of dismissal de novo, independently reviewing the complaint. *CitiMortgage, Inc. v. Rudzik,* 7th Dist. No. 13 MA 20, 2014-Ohio-1472, ¶ 10.

**{¶10}** At various points throughout the proceedings, the parties have referred to pleadings other than the complaint in an attempt to bolster their respective arguments. However, as we are reviewing the trial court's decision to grant a motion to dismiss our review is limited to construing the facts and arguments raised within the four corners of Hernandez and Rivera's complaints.

**{¶11}** Throughout their complaints, Hernandez and Rivera exclusively cite "R.C. §4112.01 et. seq" as the statutory authority upon which they base their claims of national origin discrimination. R.C. 4112.01 is a definition section. For clarity of analysis, the pertinent statutory sections are as follows:

> It shall be an unlawful discriminatory practice:
> * * *
> (C) For any labor organization to do any of the following:
> (1) Limit or classify its membership on the basis of race, color, religion, sex, military status, national origin, disability, age, or ancestry;

R.C. 4112.02(C)(1)

> "Labor organization" includes any organization that exists, in whole or in part, for the purpose of collective bargaining or of dealing with employers concerning grievances, terms or conditions of employment,

or other mutual aid or protection in relation to employment.

R.C. 4112.01(A)(4)

> "Employer" includes the state, any political subdivision of the state, any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer.

R.C. 4112.01(A)(2)

{¶12} Hernandez and Rivera have based their national origin discrimination claims pursuant to the Ohio rather than the Federal discrimination statute. The Ohio Supreme Court held federal case law construing Title VII is applicable when construing cases alleging civil rights violations pursuant to R.C. Chapter 4112. *Plumbers & Steamfitters Joint Apprenticeship Committee v. Ohio Civil Rights Commission,* 66 Ohio St.2d 192, 421 N.E.2d 128 (1981); *Little Forest Medical Center of Akron v. Ohio Civil Rights Commission,* 61 Ohio St.3d 607, 575 N.E.2d 1164 (1991). Thus, the sufficiency of Hernandez and Rivera's complaint is measured as follows:

> The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications[.]

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

{¶13} Applying the *McDonnell Douglas* framework here, Hernandez and

Rivera must have sufficiently pled in their complaints: 1) their national origin status; 2) that they *applied* for union membership; 3) that they were qualified for union membership; and, 4) despite their qualifications they were rejected. We will review the claim against each appellee in turn.

### Union Representative Discrimination Claim

**{¶14}** Regarding Riggle, as discussed above, Hernandez and Rivera's 'aided and abetted' argument has been waived. Thus, the sole basis for a claim against Riggle is limited to the allegations in the complaints that he was acting "within the scope of his authority as a representative" of the union. Hernandez and Rivera do not assert that the union is their employer. Absent from the statutory definition of labor organization in subpart (A)(4) is the language 'and any person acting directly or indirectly in the interest of an employer,' which is present in the statutory definition of employer in subpart (A)(2).[1] *See also*, *Genaro v. Cent. Transp., Inc.,* 1999-Ohio-353, 84 Ohio St. 3d 293, 296, 703 N.E.2d 782, 785.

**{¶15}** Thus, as a matter of law, Hernandez and Rivera's complaints fail to state a claim against Riggle. A claim alleging discrimination in union membership pursuant to R.C. 4112.02(C)(1) cannot be brought against union representatives individually. The definition of labor organization in R.C. 4112.01(A)(4) does not extend liability to any person action directly or indirectly in the interest of a union. The trial court correctly held that there is no legal authority for holding Riggle individually liable. Accordingly, Hernandez and Rivera's assignment of error regarding Riggle is meritless.

### Labor Organization Discrimination Claim

**{¶16}** Regarding their claim against Local 8, Hernandez and Rivera argue that

[1]"[A] labor union would be governed by this section if the claim is brought by the union's own employee. Moreover, supervisor/manager liability under R.C. Chapter 4112 is not based on agency. The supervisor is liable because he or she meets the statutory definition of an employer. *Edwards v. Ohio Inst. Of Cardiac Care*, 170 Ohio App.3d 619, 868 N.E.2d 721, 2007–Ohio–1333, ¶ 71. A co-worker who engages in discriminatory conduct is not similarly individually liable because he or she is not within the definition of an employer. *Id.* Appellee is not appellant's employer, neither is it her supervisor or manager." *Warnsley v. Toledo Bd. of Edn.*, 6th Dist. No. L-10-1219, 2011-Ohio-3134, ¶ 45-47.

because Ohio only requires notice pleading and their complaints were sufficient. A claim for relief is stated if the complaint contains "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."  Civ.R. 8(A).  "A complaint alleges the elements of the claim with sufficient particularity if it gives reasonable notice of the claim to opposing parties." *Bahen v. Diocese of Steubenville*, 7th Dist. No. 11 JE 34, 2013-Ohio-2168, ¶ 11.  The purpose of the rule is

> "to give the defendant fair notice of the claim and an opportunity to respond."  *Internatl. Brotherhood of Electrical Workers, Loc. Union No. 575 v. Settle–Muter Elec., L.T.D.*, 12th Dist. Fayette No. CA2012–02–003, 2012–Ohio–4524, ¶ 29, quoting *Leichliter v. Natl. City Bank of Columbus*, 134 Ohio App.3d 26, 31 (10th Dist.1999). Yet, even then, "to constitute fair notice, the complaint must still allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions." *Tuleta v. Med. Mut. of Ohio*, 8th Dist. Cuyahoga No. 100050, 2014–Ohio–396, ¶ 12, quoting *Grossniklaus v. Waltman*, 5th Dist. Holmes No. 09CA15, 2010–Ohio–2937, ¶ 26; *McWreath v. Cortland Bank*, 11th Dist. Trumbull No.2010–T–0023, 2012–Ohio–3013, ¶ 40.

*Klan v. Med. Radiologists*, Inc., 12th Dist. No. CA2014–01–007, 2014-Ohio-2344, *2.

**{¶17}** A review of the complaint reveals the trial court correctly found that Hernandez and Rivera's complaints were "woefully deficient" and failed to plead a claim of national origin discrimination with the sufficiency contemplated by Civ.R. 8 and Civ.R. 12(b)(6). "In order to establish a prima facie case for discrimination, a plaintiff cannot produce mere conclusory allegations of discriminatory conduct; some factual basis for such claims must be set forth in the pleadings." *Taylor v. Ohio Dept. of Rehab. & Correction,* 11th Dist. No. 2002-T-0024, 2003-Ohio-2235, ¶ 25.

**{¶18}** Here, the only element of a claim of discrimination Hernandez and

Rivera pled in their complaints was their national origin status. They did not plead that they *applied* for union membership; instead they pled that they "*made known [their] desire to join Local No.8.*" This is not the same as applying for membership. They do not allege what the application process is to join Local No. 8 and that they submitted an application. Further, the complaints fail to state that they were qualified for union membership, let alone setting forth what the qualifications were as defined by the applicable union bylaws and collective bargaining agreements. Finally, they failed to allege in their complaints that despite their qualifications—after pleading same—they were rejected for membership.

{¶19} As the complaints filed by Hernandez and Rivera were totally devoid of the elements of a claim for discrimination by Local No. 8, but for the national origin element, the trial court correctly granted the motions to dismiss. Accordingly, Hernandez and Rivera's assignment of error relative to Local No. 8 is meritless.

{¶20} In sum, R.C. 4112.02(C)(1) does not provide for individual liability of union representatives, and the complaint failed to state a claim for national origin discrimination with the sufficiency required by Civ.R. 8 and Civ.R. 12(b)(6). Accordingly, the trial court's judgment in favor of Jerre Riggle and Bricklayers Local No. 8 is affirmed.

Donofrio, P. J., concurs.

Waite, J., concurs.