[Cite as *Am. Steel City Indus. Leasing, Inc. v. Bloom Land Co., L.L.C.*, 2022-Ohio-1004.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| AMERICAN STEEL CITY INDUSTRIAL LEASING, INC., | CASE NO. 2021-T-0013 |
| Plaintiff-Appellant, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| BLOOM LAND COMPANY, LLC, et al., | Trial Court No. 2020 CV 00789 |
| Defendants-Appellees. | |

**O P I N I O N**

Decided: March 28, 2022
Judgment: Affirmed

*Thomas C. Nader*, Nader & Nader, 7011 East Market Street, Warren, OH 44484 (For Plaintiff-Appellant).

*Kevin P. Murphy* and *Patrick C. Manning*, Harrington, Hoppe & Mitchell, Ltd., 108 Main Avenue, S.W., Suite 500, Warren, OH 44481 (For Defendants-Appellees).

JOHN J. EKLUND, J.

{¶1}    Appellant, American Steel City Leasing, Inc., ("American Steel") appeals the decision granting summary judgment to Appellees, Bloom Land Company, LLC, ("Bloom Land") and Youngstown Bending and Rolling, Inc. ("Youngstown Bending"). We affirm.

{¶2}    In 2016, American Steel, owned by William Marsteller, held fee simple title to real property on Hendricks Road in Youngstown, Ohio. A tenant of the property, Youngstown Bending, has operated a manufacturing facility on the property since 2006. Youngstown Bending was owned in equal shares by Mr. Marsteller and Ted Bloom, who

is the sole owner of Bloom Land. In 2016, American Steel and Bloom Land entered into an agreement for Bloom Land to purchase the Hendricks Road property upon Mr. Marsteller's death. In 2017, Mr. Marsteller passed away, leaving his wife, Linda Marsteller, the sole owner of American Steel and fifty percent shareholder of Youngstown Bending. In 2018, Bloom Land closed on the purchase of the Hendricks Road property by submitting to American Steel the purchase price, and American Steel provided a warranty deed to Bloom Land in return.

{¶3} Thereafter, a dispute arose as to whether the industrial machinery owned by American Steel and used by Youngstown Bending at the Hendricks Road property was included in the purchase agreement. In 2020, American Steel filed a complaint, attaching a copy of the purchase agreement, and asking the trial court to declare it the owner of all machinery located at the Hendricks Road property and used in the business operations of Youngstown Bending. Bloom Land and Youngstown Bending moved to dismiss the complaint, arguing that the purchase agreement clearly provided for the sale of the industrial machinery along with the real property. Therefore, Appellees argued that any resort to parol evidence to determine the parties' intent would be improper. Further, Appellees maintained that the complaint contained no allegations that Youngstown Bending asserted an ownership interest in the land or machinery. American Steel opposed the motion, attaching a supporting affidavit of Mrs. Marsteller. American Steel maintained that: dismissal is generally inappropriate in a declaratory judgment action; the purchase agreement was ambiguous as to whether it included sale of the machinery; parol evidence was necessary to clarify the ambiguity; after closing of the sale, Mrs. Marsteller and Mr. Bloom arranged for appraisals of the machinery at issue and

2

negotiated for the sale of the machinery to Youngstown Bending, raising an inference that the machinery was not included in the sale; and the continued negotiations and appraisals raised a reasonable inference that a modification of the agreement or a waiver had occurred.

{¶4} The trial court converted the motion to dismiss to a motion for summary judgment pursuant to Civ.R. 12(B)(6) and permitted the parties additional time to provide supporting documents. Bloom Land provided an affidavit of Mr. Bloom averring that he had ordered appraisal of the machinery due to a pending divorce action wherein Bloom Land was named as a third-party defendant. American Steel responded that Mr. Bloom's affidavit raised a question of fact, because Mrs. Marsteller had averred in her affidavit that Mr. Bloom's accountant had emailed her a copy of the appraisal one month after closing on the real estate, which would have been unnecessary if the appraisal had been conducted solely for purposes of Mr. Bloom's divorce.

{¶5} Thereafter, the trial court found that there existed no genuine question of material fact that the purchase agreement included the industrial machinery at issue, and appellees were entitled to judgment as a matter of law. Accordingly, the trial court granted summary judgment to appellees, determining that Bloom Land owned the machinery at issue. The court did not specifically address issues pertaining to modification or waiver.

{¶6} In its first and second assigned errors, American Steel contends:

{¶7} "[1.] The Trial Court erred in concluding that [the] Purchase Agreement was not ambiguous and therefor[e] barred extrinsic evidence under the Parol Evidence Rule.

{¶8} "[2.] The Trial Court erred in interpreting that the industrial machinery was included in the term equipment."

{¶9} In its first and second assigned errors, American Steel argues that the court erred in granting Bloom Land summary judgment because the agreement's use of the term "equipment" is ambiguous, and a genuine issue of material fact remained as to the parties' intent. American Steel argues that the trial court should have considered extrinsic evidence and applied the interpretative rule of *ejusdem generis* in determining whether a triable issue of intent remained.

{¶10} "We review decisions awarding summary judgment de novo, i.e., independently and without deference to the trial court's decision." *Hedrick v. Szep*, 11th Dist. Geauga No. 2020-G-0272, 2021-Ohio-1851, ¶ 13, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

> Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274 (1977); *Allen v. 5125 Peno, LLC*, 11th Dist., 2017-Ohio-8941, 101 N.E.3d 484, ¶ 6, citing *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 415, 715 N.E.2d 532 (1999). "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Allen* at ¶ 6, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial." *Allen* at ¶ 6, *citing Dresher* at 293.

4

{¶11} Here, the trial court determined that summary judgment was appropriate based upon the unambiguous contract language. "'If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. However, if a term cannot be determined from the four corners of a contract, factual determination of intent or reasonableness may be necessary to supply the missing term.'" *Fairport Real Estate LLC v. Nautical Ridge Condominium Owners' Assn., Inc.*, 2018-Ohio-791, 108 N.E.3d 101, ¶ 17 (11th Dist.), quoting *Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc.*, 15 Ohio St.3d 321, 322, 474 N.E.2d 271 (1984), citing *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), *superseded by statute on other grounds*, and *Hallet & Davis Piano Co. v. Starr Piano Co.*, 85 Ohio St. 196, 97 N.E. 377 (1911).

{¶12} "In all cases involving contract interpretation, we start with the primary interpretive rule that courts should give effect to the intentions of the parties as expressed in the language of their written agreement." *Sutton Bank v. Progressive Polymers, L.L.C.*, 161 Ohio St.3d 387, 2020-Ohio-5101, 163 N.E.3d 546, ¶ 15, citing *Sunoco, Inc. (R&M) v. Toledo Edison Co.*, 129 Ohio St.3d 397, 2011-Ohio-2720, 953 N.E.2d 285, ¶ 37. "Other primary interpretive rules assist the court in doing this by giving guidance on how to interpret the meaning of certain words." *Sutton Bank* at ¶ 15. "For example, one rule is that '[c]ommon words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument.'" *Id.*, quoting *Alexander* at paragraph two of the syllabus.

5

**{¶13}** In *Sutton Bank*, the Supreme Court noted that this court had applied "traditional rules of contract interpretation" to some extent to a cognovit note. *Id.* at ¶ 17. However, the Supreme Court concluded that this court's analysis applying the defined term "you" to a provision of the note "stopped short" of the appropriate analysis by adopting this reading "*without considering, as it should have considered, whether the parties intended this reading.*" (Emphasis added.) *Id.* The Supreme Court explained that rules of contract interpretation "must yield to the intent of the parties, and when the parties clearly did not intend [a] * * * definition to apply, a court cannot force that construction upon them." *Sutton* at ¶ 18, citing *In re Adelphia Communications Corp.,* 368 B.R. 348, 354 (Bankr.S.D.N.Y.2007) (defined terms must still be interpreted in the context of the entire agreement); *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 860 (7th Cir.2002) ("a contract will not be interpreted literally if doing so would produce absurd results, in the sense of results that the parties, presumed to be rational persons pursuing rational ends, are very unlikely to have agreed to seek"). Accordingly, we review contractual language mindful that defined terms and dictionary definitions must yield to the parties' intent as expressed within the agreement.

**{¶14}** Here, Bloom Land maintains that the contract clearly provided that the machinery is included in the purchase agreement. In support, Bloom Land points to the first section of the agreement, defining the sale property as including:

> (i) The parcel of real property situated in the City of Youngstown, OH, as described in Exhibit "A" * * * together with all appurtenances, hereditaments, rights, privileges and easements belonging to or in any way appertaining thereto (the "Land");
>
> (ii) The existing buildings located on the 14.638 acre lot, and the building located on Parcel Number 48-0446-0-009.01-0,

6

and all other improvements, equipment, fixtures, and landscaping contained within the Land (the "Improvements")[.]

{¶15} Bloom Land contends that what American Steel has argued is "machinery" constitutes "equipment" within the contract's definition of "[i]mprovements." The trial court agreed, concluding that the "standard understanding of the word 'equipment'" does not exempt machinery.

{¶16} However, American Steel argues that the term "equipment" could reasonably be read as excepting "machinery," relying on agreements that use both terms in other cases. *See Zinser v. Auto-Owners Ins. Co.*, 12th Dist. Butler No. CA2016-08-144, 2017-Ohio-5668, ¶ 5 (regarding insurance policy covering "machinery" and "equipment" that were "permanently installed" in commercial building); *In re M B Industries, L.L.C.*, 783 Fed.Appx. 333, 337 (5th Cir.2019) (issue of whether 42 cranes belonged to lessee under lease terms allocating to lessee untagged "equipment, fixtures, machinery [or] personal property"); *Henry & Wright Corp. v. Automatic Press Corp.*, 142 F.3d 434, *1 (6th Cir.1998) (purchase agreement defined seller's "assets" as "all of Seller's machinery and equipment, if any * * *"). However, these cases do not present the issue of whether machinery was excluded from the definition of "equipment," and, contrary to American Steel's argument, one of its cited cases indicates that these terms may overlap. *See Zinser* at ¶ 19 (Air conditioning units "constitute machinery *and* equipment pursuant to the terms' plain and ordinary meanings.") (Emphasis added.); *In re M B Industries* at 338 (42 cranes included as "machinery" under lease terms without discussion of whether the cranes also constituted "equipment"); *Henry & Wright Corp.* at *1-2 (seller's assets included all machinery and equipment and not limited to exhibit listing some machinery and equipment).

7

Case No. 2021-T-0013

**{¶17}** Accordingly, the cited cases do not support American Steel's proposed definition of equipment as excluding machinery and are of little assistance in determining the parties' intent with respect to this contract.

**{¶18}** Further, although the trial court did not expound upon its source for concluding that the "standard understanding" of "equipment" includes "machinery," we agree that, in isolation, "equipment" is a very broad term. *See* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/equipment (accessed July 8, 2021) (defining "equipment" to include "the implements used in an operation or activity" and "all the fixed assets other than land and buildings of a business enterprise."). However, we must review the entirety of the agreement to determine if the parties intended a use of "equipment" that includes machinery, not view the term in isolation. *See MidFirst Bank v. Stump*, 10th Dist. No. 16AP-189, 2017-Ohio-4312, 83 N.E.3d 974, ¶ 22, quoting *Dodd v. Bartholomew*, 44 Ohio St. 171, 175, 5 N.E. 866 (1886) ("It is a well settled principle, applicable to the construction of deeds and other instruments, that all their parts are to be construed together, and the meaning ascertained from a consideration of each and every part" of the document.).

**{¶19}** The agreement, when read a whole, does not demonstrate an intent by the parties to temper the ordinary meaning of the term equipment in such a way as to exclude the machinery at issue. The purchase agreement included the sale of the land, improvements (including "equipment"), rights of away, intangible property and engineering products related to the land and improvements, and "Seller's interest in and to any Existing Leases by and between Seller and its current tenants on the Land and Improvements."

Case No. 2021-T-0013

{¶20} The agreement contains numerous references to the "Existing Lease(s)." In response to Bloom Land's motion, American Steel provided a copy of the lease between itself and Youngstown Bending. The lease provides that American Steel leased to Youngstown Bending specified portions of the warehouse located on the Hendricks Road property together with "all machinery, equipment, tools, tooling, and supplies, together with those improvements that may hereafter be erected and installed in the Building or Leased Premises * * *." Accordingly, as opposed to the purchase agreement, the lease agreement specified that it included machinery.

{¶21} We note that American Steel argued in the trial court that the distinction in the language between the lease and the purchase agreement indicated that the parties did not intend to include machinery in the purchase agreement. Insofar as it may be appropriate to review the lease to ascertain the extent of rights transferred through the assignment of the "Existing Leases" referenced in the agreement, we note that, contrary to American Steel's position, the lease reinforces a reading of the purchase agreement that *includes* machinery in the sale. The purchase agreement provides an assignment of the lease to Bloom Land, thus giving Bloom Land the right to receive rents for the lease of the machinery. The reasonable inference drawn from Bloom Land's right to receive rents for the machinery is that the parties intended to convey ownership of the machinery to Bloom Land, an inference consistent with the common usage of "equipment."

{¶22} Upon review of the competing summary judgment materials, no triable issue of the parties' intent with respect to sale of the machinery remains, as the agreement, when read as a whole, is subject to only one reasonable interpretation – it includes the machinery at issue. Accordingly, the purchase agreement is not ambiguous in this

9

Case No. 2021-T-0013

regard, and we need not consider the parties' affidavits or apply *ejusdem generis*, to determine the meaning.

{¶23} Therefore, American Steel's first and second assigned errors lacks merit.

{¶24} In its third assigned error, American Steel maintains that:

{¶25} "[3.] There was a genuine issue of fact regarding the post-closing modification or waiver of the sale of machinery under the Purchase Agreement, therefore the Trial Court erred in failing to address this issue."

{¶26} In ruling on summary judgment, the trial court reviewed the language of the contract and declared Bloom Land the owner of the machinery at issue, as discussed above. The trial court's judgment at no point addresses the parties' arguments or affidavits insofar as they relate to modification or waiver.

{¶27} However, the complaint did not contain any allegations with respect modification or waiver, and American Steel did not seek to amend its complaint. Instead, American Steel presented its theories of modification and waiver in response to the motion to dismiss and in its supplemental materials filed after the trial court converted the motion to dismiss to a motion for summary judgment.

{¶28} "We are mindful that even if a complaint neither contains allegations on a legal theory nor suggests or intends to advance that theory, the complaint may still be sufficient if it contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Morris v. Dobbins Nursing Home*, 12th Dist. Clermont No. CA2010-12-102, 2011-Ohio-3014, ¶ 28, quoting *White v. Mt. Carmel Med. Ctr.*, 150 Ohio App.3d 316, 780 N.E.2d 1054, 2002-Ohio-6446, ¶ 52. Nonetheless, here, there is a complete absence of any reference to modification or waiver

10

in the complaint. "It is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *Hernandez v. Riggle*, 7th Dist. Mahoning No. 15 MA 0223, 2016-Ohio-8032, 74 N.E.3d 822, ¶ 5, quoting *General Elec. Co. v. S & S Sales Co.,* N.D.Ohio No. 1:11CV00837, 2012 WL 2921566, *4 (July 17, 2012). Further, "Ohio Courts have repeatedly held that a plaintiff is generally limited to the allegations in [its] pleading and cannot enlarge [its] claims in a memorandum in opposition to summary judgment." (Citations omitted.) *Bryan v. Valley Care Health Sys. of Ohio*, 11th Dist. Trumbull No. 2015-T-0130, 2016-Ohio-7156, ¶ 36. *See also Gates v. Ohio Sav. Assn.*, 11th Dist. Geauga No. 2009-G-2881, 2009-Ohio-6230, ¶ 47 (where complaint and amended complaint failed to assert legal theory that was raised in response to memorandum in opposition to summary judgment, the theory was not before the trial court).

{¶29} We cannot say the trial court erred in failing to address the alleged modification or waiver when the complaint contains no allegations regarding modification or waiver. Accordingly, American Steel's third assigned error lacks merit.

{¶30} The judgment of the trial court is affirmed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

11

Case No. 2021-T-0013