[Cite as *Fed. Natl. Mtge. Assn. v. Brown*, 2017-Ohio-9237.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | ) ) ) | |
| PLAINTIFF-APPELLEE | ) ) | CASE NO. 16 CO 0008 |
| VS. | ) ) | OPINION |
| GREGORY S. BROWN, SR., et al. | ) ) ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common Pleas, of Columbiana County, Ohio Case No. 2014 CV 317

JUDGMENT:    Affirmed.

APPEARANCES:
For Plaintiff-Appellee    Attorney David Lockshaw, Jr.
Attorney Jonathan Secrest
150 East Gay Street, Suite 2400
Columbus, Ohio 43215

For Defendants-Appellants    Attorney Richard Hoppel
Gregory and Shannon Brown    16688 St. Clair Avenue
East Liverpool, Ohio 43920

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: December 22, 2017

[Cite as *Fed. Natl. Mtge. Assn. v. Brown*, 2017-Ohio-9237.]

DeGENARO, J.

{¶1} Defendants-Appellants, Gregory S. Brown, Sr. and Shannon M. Brown appeal the decision of the trial court granting summary judgment in favor of Appellee Federal National Mortgage Association in this foreclosure action. In addition, the Browns challenge the trial court's decision to dismiss their third-party complaint against Fannie Mae's loan servicer, Appellee Seterus, Inc., along with the dismissal of the their counterclaim against Fannie Mae. They also contend the trial court erred by failing to certify its judgment granting Appellees' motions to dismiss immediately appealable under Civ.R. 54(B). Finally, the Browns argue the trial court erred in failing to strike the affidavit Fannie Mae relied upon in its motion for summary judgment and that the court erred by granting Fannie Mae's summary judgment motion. Because the Browns' assignments of error are meritless we affirm the trial court's judgment.

## Facts and Procedural History

{¶2} Appellant Gregory Brown is the maker of a Note dated September 30, 2002, which contains a promise to repay $101,000.00 plus interest at a rate of 7.875% per annum, to the order of First Federal fsb. As security for the Note, Brown and his wife Shannon executed a Mortgage on real property located in Lisbon. Several months later, the Browns and First Federal executed a Loan Modification Agreement, whereby the principal balance owed was $101,000.00, with an interest rate of 6.125%. The Note was subsequently endorsed to ABN AMRO Mortgage Group, Inc., and then endorsed again in blank in an allonge. The Mortgage was assigned to ABN AMRO, which merged with CitiMortgage, Inc., which then assigned the Mortgage to Fannie Mae.

{¶3} The Browns defaulted on their Note, Mortgage and Loan Modification Agreement obligations by failing to pay the amount due October 1, 2013 and any subsequent installments. On February 1, 2014. Seterus became Fannie Mae's loan servicer for the Browns' loan. On February 18, 2014, Seterus sent the Browns a notice of default.

{¶4} The Browns failed to cure the default, and on June 20, 2014, Fannie

Mae filed a foreclosure complaint against the Browns, along with other parties not pertinent to this appeal. Attachments to the complaint include the Note executed by Gregory Brown, the Mortgage executed by the Browns pertaining to the subject property, along with other documents to establish Fannie Mae's standing. Among other things, Fannie Mae pled that the Note and Mortgage were in default, and Fannie Mae satisfied conditions precedent and declared the entire balance due. Fannie Mae further specified the principal amount due, $83,267.82, plus interest, on the outstanding principal amount at the rate of 6.125% per annum from September 1, 2013.

**{¶5}** The Browns filed an answer, along with a counterclaim against Fannie Mae, and a third-party complaint against Seterus. The Browns' counterclaim against Fannie Mae raised claims for (1) breach of contract and the covenant of good faith and fair dealing, (2) fraud, (3) intentional misrepresentation, and (4) negligent misrepresentation. In a nutshell, these claims center on the Browns' assertions that Fannie Mae was not the real party in interest and misled the Browns to believe it was, and also that Fannie Mae failed to properly credit payments the Browns made. The third-party complaint against Seterus alleged violations of (1) the Real Estate Settlement Procedures Act (RESPA) and (2) the Fair Debt Collection Practices Act (FDCPA). The RESPA count alleged that Seterus failed to respond to the Browns' qualified written requests (QWR's), and the FDCPA count alleged that Seterus is a debt collector as defined in the FDCPA and that Seterus intentionally failed to credit payments, attempted to collect amounts that exceeded the amounts owed, attempted to collect unreasonable fees, failed to respond to the Browns' debt verification request, and failed to provide notices required by the FDCPA.

**{¶6}** Fannie Mae and Seterus (sometimes collectively, Appellees) each responded with motions to dismiss the Browns' claims pursuant to Civ.R. 12(B)(6). Seterus argued, inter alia, that the Browns' RESPA claim failed because they failed to allege actual damages and that the FDCPA claim failed because it was not a debt collector under the meaning of that statute. In moving the trial court to dismiss the

counterclaims against it, Fannie Mae argued that the breach of contract claim failed because the Browns failed to fulfil their obligations under the contract, that the fraud claim was not pled with sufficient particularity, that the tort of negligent misrepresentation was inapplicable to their business relationship with the Browns, and that the other claims failed insofar as they stemmed from the alleged breach of contract and fraud.

{¶7} On March 31, 2015, the trial court granted Appellees' motions to dismiss. The trial court further observed that "[the Browns'] pleadings are verbose and largely devoid of any real substance[.]"

{¶8} The Browns then moved the trial court to reconsider its decision or alternatively to certify its decision granting Appellees' motions to dismiss as immediately appealable pursuant to Civ.R. 54(B). Following an oral hearing on the matter, the trial court denied the motions. With respect to the denial of the Browns' request for a Civ.R. 54(B) certification, the trial court explained: "By taking such action, the Court is in a position until such time, as there is a final order in this case to actually reconsider its decision dismissing the Counterclaim [and Third-Party Complaint] prior to the adjudication of all claims of the parties."

{¶9} On November 25, 2015, Fannie Mae filed a motion for summary judgment. In support of its motion, Fannie Mae attached the affidavit of Shawann Hampton, a foreclosure specialist for Seterus, Fannie Mae's loan servicer, along with the Note, Mortgage, assignments of the Mortgage, payment records for the loan, and the notice of default sent by Seterus.

{¶10} On December 16, 2015, the Browns filed a brief in opposition to summary judgment, attaching the affidavit of their attorney, along with truth in lending disclosure statements for the original loan and the loan modification. The Browns also moved the trial court to strike the affidavit Fannie Mae attached in support of its motion for summary judgment.

{¶11} One week later, Fannie Mae filed a motion for leave to file a corrective affidavit to address a typographical error in the affidavit filed with their motion for

summary judgment. Fannie Mae also filed a notice of filing merger documents to address claims by the Browns pertaining to the merger of its predecessors in interest. On December 28, 2015, the trial court granted Fannie Mae's motion for leave and deemed the corrected affidavit filed as of that date.

{¶12} The Browns also filed a cross-motion for summary judgment, which was opposed by Fannie Mae.

{¶13} On January 27, 2016, the trial court issued a decision granting Fannie Mae's motion for summary judgment and denying the Browns' motion. The trial court overruled the Browns' motion to strike the affidavit in support of Fannie Mae's motion for summary judgment referencing its previous order granting Fannie Mae leave to file a corrected affidavit. The trial court indicated that its decision was not a final appealable order and requested a proposed entry from Fannie Mae disposing of any outstanding claims.

{¶14} On March 18, 2016, the trial court issued a foreclosure judgment disposing of all claims. That same day, the Browns filed a motion asking the trial court to reconsider its decision regarding summary judgment, along with its judgment granting Appellees' motions to dismiss. On March 24, 2016, the trial court issued an amended judgment entry. Browns filed a timely notice of appeal challenging the judgments in favor of Appellees only; the Browns did not appeal the trial court's denial of their summary judgment motion. Subsequently, the trial court issued a judgment entry acknowledging the Browns' notice of appeal and that it no longer had jurisdiction to rule on the pending motion for reconsideration.

## Assignments of Error

{¶15} The Browns raise numerous arguments regarding the trial court's decisions granting Appellees' motions to dismiss and motion for summary judgment, along with procedural rulings related to each judgment. Their assignments of error intermingle arguments about various issues and judgments. For clarity of analysis, this opinion reorders and regroups many of the arguments within the following five assignments of error raised by the Browns:

The Trial Court erred and abused its discretion when it dismissed Appellant's Counterclaim and Appellant's Third Party Complaint against Appellee's loan servicer, Seterus, Inc. ("Seterus") while granting Appellee's Motion for Summary Judgment, as there were genuine issues of material fact surrounding Appellee's and Seterus' erroneous account records and attempts to collect amounts that were false, illegal, deceptive, and unfair.

The Trial Court erred and abused its discretion when it granted Appellee's Motion for Summary Judgment while genuine issues of material fact remained surrounding Appellee's failure to satisfy all conditions precedent pursuant to Civ. R. 9(C) prior to filing Appellee's Complaint.

The Trial Court erred by failing to strike the Hampton Affidavits despite their conclusory and self-serving basis, and the false statements and erroneous account information contained therein, and which Affidavits Appellee relied upon in support of its Motion for Summary Judgment.

The Trial Court committed prejudicial error in failing to include Civ. R. 54(B) certification making its dismissal of Appellant's Counterclaim and Third Party Complaint a final appealable order despite remaining genuine issues of material fact which prejudiced Appellant's case in chief.

The Trial Court erred in Granting Appellee's Motion for Summary Judgment while dismissing Appellant's Counterclaim and Third Party Complaint while genuine issues of material fact existed as to whether Appellee is the correct party in interest and had standing to bring the foreclosure action.

**Rulings on and related to Appellees' Motions to Dismiss**

{¶16} Parts of the Browns' first, fourth and fifth assignments of error raise issues regarding the trial court's decision to grant Appellees' motions to dismiss pursuant to Civ.R. 12(B)(6).

{¶17} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). The trial court must construe all reasonable inferences in the plaintiff's favor as well as that the facts alleged in the complaint are true; and if after doing so the trial court finds beyond doubt that the plaintiff can prove no set of facts warranting relief, only then is dismissal warranted. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). The trial court must limit its consideration to the four corners of the complaint. *Union Local Assn. of Classroom Teachers of OEA/NEA v. Ohio Bd. Of Edn.*, 7th Dist. No. 06 BE 33, 2007-Ohio-5053, 2007 WL 2782620, ¶ 10. Appellate courts review the propriety of dismissal de novo, independently reviewing the complaint. *CitiMortgage, Inc. v. Rudzik*, 7th Dist. No. 13 MA 20, 2014-Ohio-1472, 2014 WL 1384596, ¶ 10.

{¶18} To state a claim for relief the complaint must contain "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). "A complaint alleges the elements of the claim with sufficient particularity if it gives reasonable notice of the claim to opposing parties." *Bahen v. Diocese of Steubenville*, 7th Dist. No. 11 JE 34, 2013-Ohio-2168, ¶ 11.

{¶19} The Browns assert as a preliminary matter that the trial court erred in adopting the more stringent pleading standards set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929. It is true that this court has declined to adopt *Twombly*. *See Bahen* at ¶ 14 (expressly rejecting the defendant's call to extend *Twombly* to Ohio civil procedure jurisprudence.) Thus, it was error for trial court to rely on *Twombly* as a pleading

standard. However, this error is harmless. Under Civ.R. 8(A), "to constitute fair notice [so as to state a claim] the complaint must still allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions." *Hernandez v. Riggle*, 2016-Ohio-8032, 74 N.E.3d 822, ¶ 16 (7th Dist.), quoting *Klan v. Med. Radiologists, Inc.*, 12th Dist. No. CA2014–01–007, 2014-Ohio-2344, 2014 WL 2526116, *2. As our review is de novo, we will continue to apply Ohio civil procedure jurisprudence and not evaluate a trial court's ruling on a motion to dismiss under *Twombly.*

### Dismissal of Third Party Complaint against Seterus

**{¶20}** The Browns raised two claims against Seterus: violations of FDCPA and RESPA. Regarding the FDCPA claim, Appellees counter that Seterus is not a debt collector as defined in that statute and therefore cannot be liable.

Under 15 U.S.C. 1692a(6), a "debt collector" is defined as:

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. * * * The term does not include[:]

* * *

(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained

by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

**{¶21}** Although foreclosure constitutes debt collection under the FDCPA, "under the act, a party is not a debt collector if the debt 'was not in default at the time it was obtained by such person.' " *Wells Fargo Bank, N.A. v. Carver*, 2016-Ohio-589, 60 N.E.3d 473, ¶ 37 (8th Dist.), quoting 15 U.S.C. 1692a(6)(F)(iii).

**{¶22}** The Browns' pleadings establish that Seterus began servicing their loan on February 1, 2014, and that their debt was not in default until February 18, 2014, at the earliest. Therefore, Seterus was not a debt collector as defined by the FDCPA and cannot be held liable under that statute. Accordingly, the Browns' FDCPA claim fails and the trial court properly dismissed it pursuant to Civ.R. 12(B)(6).

**{¶23}** Regarding the RESPA claim, as the Eleventh District has explained:

Under RESPA, a loan servicer has the duty to respond to a borrower's qualified written request stating the borrower's belief that the account balance is in error. 12 U.S.C. 2605(e)(1). Specifically, "the servicer shall * * * make appropriate corrections in the account of the borrower * * * and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);" or "after conducting an investigation, provide the borrower with a written explanation or clarification that includes[,] * * * to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer." 12 U.S.C. 2605(e)(2)(A) and (B).

*HSBC Bank USA, Natl. Trust Co. v. Teagarden*, 2013-Ohio-5816, 6 N.E.3d 678, ¶ 66 (11th Dist.).

**{¶24}** However, a borrower's RESPA claim fails where they fail to present any

evidence of actual damages that resulted from the alleged violation. *Id.* at ¶ 68. " 'Courts have determined that actual damages must be pled as part of any RESPA claim and any alleged loss must be related to the alleged RESPA violation itself.' " *Id.*, quoting *Mattison v. PNC Bank, N.A.*, S.D.Ohio No. 3:13–cv–061, 2013 WL 3936373, 9 (July 30, 2013). The Browns failed to allege actual damages in their third-party complaint with respect to their RESPA claim; therefore, the claim was properly dismissed.

### *Dismissal of Counterclaims against Fannie Mae*

**{¶25}** The Browns' counterclaim against Fannie Mae raised four claims: breach of contract and the covenant of good faith and fair dealing; fraud; intentional misrepresentation; and, negligent misrepresentation. These claims center on the Browns' assertions that Fannie Mae was not the real party in interest, misled them to believe it was, and that Fannie Mae failed to properly credit payments they made.

**{¶26}** As to breach of contract claim, "[g]enerally, the elements for a breach of contract are that a plaintiff must demonstrate by a preponderance of the evidence that: (1) a contract existed, (2) the plaintiff fulfilled his obligations, (3) the defendant failed to fulfill his obligations, and (4) damages resulted from this failure." *Anzalaco v. Graber*, 2012-Ohio-2057, 970 N.E.2d 1143, ¶ 18 (8th Dist.), citing *Lawrence v. Lorain Cty. Community College*, 127 Ohio App.3d 546, 549, 713 N.E.2d 478 (9th Dist.1998). As the Browns failed to fulfill their payment obligations, they did not satisfy this element which defeats their breach of contract claim.

**{¶27}** Next, as to a covenant of good faith and fair dealing, this court has held that this claim stems from a breach of contract claim. *Lucarell v. Nationwide*, 2015-Ohio-5286, 44 N.E.3d 319 (7th Dist), appeal accepted on other grounds, 146 Ohio St.3d 1469. "A claim for breach of the duty of good faith and fair dealing exists as part of a breach of contract claim. * * * In other words, a party cannot assert a claim for breach of the duty of good faith without asserting a claim for breach of contract." *Id.* at ¶ 69. Accordingly, the failure of the Browns' breach of contract claim defeats their breach of the covenant of good faith and fair dealing claim.

**{¶28}** Third, the Browns' negligent misrepresentation claim fails because a claim for negligent misrepresentation is a business tort related to professional malpractice, and they made no such malpractice allegations. *See Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 106 Ohio St.3d 412, 2005-Ohio-5409, 835 N.E.2d 701, ¶ 9.

**{¶29}** Turning to the fraud claim, it must be plead with particularity in conformity with Civ.R. 9(B), and consists of the following elements:

> (a) a representation or, where there is a duty to disclose, concealment of a fact,
>
> (b) which is material to the transaction at hand,
>
> (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,
>
> (d) with the intent of misleading another into relying upon it,
>
> (e) justifiable reliance upon the representation or concealment, and
>
> (f) a resulting injury proximately caused by the reliance.

*Barnes v. Res. Energy Expl.*, 2016-Ohio-4805, 68 N.E.3d 133, ¶ 22 (7th Dist.), citing *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (1984).

**{¶30}** One who raises a claim of fraud "must establish each of the necessary elements of fraud with sufficient particularity in order to prevail." *Barnes* at ¶ 25. Particularity means the complaint "must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud. The plaintiff must allege, at a minimum, the time, place and contents of the misrepresentation on which they relied." *Id.* at ¶ 22.

**{¶31}** The Browns' counterclaim makes only very general allegations with regard to fraud. For example, they allege that Fannie Mae "[c]onceal[ed] facts and relevant evidence from Brown that is material to the transaction at hand." The trial court properly dismissed the fraud claim because it failed to comply with the

specificity required by the Civ.R. 9(B).

**{¶32}** Finally, the Browns' intentional misrepresentation claim in substance replicates their fraud claim; they point out in their brief that it is simply an extension of the fraud claim. As such, the intentional misrepresentation claim fails.

**{¶33}** Accordingly, the trial court properly granted Appellees' motions to dismiss the Browns' third-party complaint and counterclaims and these portions of the Browns' first, fourth and fifth assignments of error are meritless.

### *Failure to include Civ.R. 54(B) Certification*

**{¶34}** In the balance of their fourth assignment of error, the Browns argue that the trial court erred by denying their request to make the ruling on the motions to dismiss final and appealable pursuant to Civ.R. 54(B).

**{¶35}** The Ohio Supreme Court has stated: "In deciding that there is no just reason for delay, the trial judge makes what is essentially a factual determination— whether an interlocutory appeal is consistent with the interests of sound judicial administration, i.e., whether it leads to judicial economy. Trial judges are granted the discretion to make such a determination* * *[.]" (Emphasis deleted.) *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354-355, 617 N.E.2d 1136 (1993).

**{¶36}** However, trial courts:

> should only make a Civ.R. 54(B) finding when it serves the interests of judicial economy such as avoiding piecemeal appeals. *Sullivan v. Anderson*, 122 Ohio St.3d 83, 2009–Ohio–1971, 909 N.E.2d 88, ¶ 10; *Wisintainer* at 355. When the interests of judicial economy are not served, a trial court's Civ.R. 54(B) finding is subject to reversal. *Hill v. Hughes*, 4th Dist. Ross No. 06CA2917, 2007–Ohio–3885, ¶ 8.

*Third Fed. S. & L. v. Krych*, 8th Dist. No. 99762, 2013-Ohio-4483, ¶ 7 (8th Dist.).

**{¶37}** In its judgment denying the Browns' request for Civ.R. 54(B) certification, the trial court noted: "The Court declines to treat the Order dismissing the Counterclaim as a final appealable order. By taking such action, the Court is in a

position until such time, as there is a final order in this case to actually reconsider its decision dismissing the Counterclaim prior to the adjudication of all claims of the parties." The trial court's decision was reasonable and not an abuse of discretion; its decision both promoted judicial economy and served to avoid piecemeal litigation.

**{¶38}** The Browns nonetheless claim the trial court's decision to not certify the judgment as immediately appealable "effectively scuttl[ed] any opportunity [they] would otherwise have had to seek redress[.]" However, they are afforded a meaningful and effective remedy by way of this appeal following the trial court's final judgment. Accordingly, this portion of the Browns' fourth assignment of error is meritless.

### Grant of Summary Judgment in Favor of Fannie Mae

**{¶39}** When reviewing a trial court's summary judgment, an appellate court applies a de novo review. *Comer v. Risko,* 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the nonmovant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000).

**{¶40}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Id.* at 293.

### *Affidavit Issue*

**{¶41}** In their third assignment of error, the Browns argue the trial court erred by denying their motion to strike the affidavit of Shawann Hampton, which Fannie Mae attached as evidence in support of its summary judgment motion.

**{¶42}** "The determination of a motion to strike is within the trial court's broad

discretion." *Wells Fargo v. Smith*, 12th Dist. No. CA2012-04-006, 2013-Ohio-855, ¶ 13. A trial court's ruling on a motion to strike will not be reversed on appeal absent an abuse of discretion. *Id.*

**{¶43}** The original affidavit in support of Fannie Mae's motion for summary judgment was flawed in that the date next to the affiant's signature was later in time than the date filled in by the notary public attesting to that signature. Although the day handwritten in by the notary is the "6th," the month was pre-typed as "October, 2015." Accordingly, the notarization date of October 6, 2015 does not correspond with the date next to Hampton's signature, which is November 6, 2015. Fannie Mae contends this error appears to be the result of the month in the notary's attestation being pre-typed.

**{¶44}** The Browns filed a motion to strike the Hampton affidavit. One week later, Fannie Mae filed a motion for leave to file a corrected affidavit. Accompanying its motion for leave was the same affidavit substantively as the original, except that the new affidavit corrected the scrivener's error. Fannie Mae asserted the Browns would not be prejudiced by the correction because the substance was identical; the trial court agreed, granting leave.

**{¶45}** The trial court did not abuse its discretion in permitting Fannie Mae to file a corrected affidavit and denying the Browns' motion to strike. Contrary to the Browns' contentions, the affidavit was made upon personal knowledge; Hampton stated she personally reviewed records specific to the Browns' loan and the relevant business records are described, authenticated, and attached to the affidavit. *See, e.g., U.S. Bank Natl. Assn. v. Crow,* 7th Dist. No. 15 MA 0113, 2016-Ohio-5391, ¶ 19, citing Civ.R. 56(E).

**{¶46}** The first affidavit filed was deficient only in that it contained a typographical error regarding the signature and notarization dates and it was well within the trial court's discretion to accept the corrected one. Thus, the Browns' third assignment of error is meritless.

***Standing***

**{¶47}** The Browns argue as part of their fifth assignment of error, that there are genuine issues of material fact regarding whether Fannie Mae was the real party in interest and had standing to bring the instant suit.

**{¶48}** "Generally speaking, standing is '[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.' " *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015–Ohio–1484, 31 N.E.3d 637, ¶ 8, citing Black's Law Dictionary 1625 (10th Ed.2014.) A party "must assert a personal stake in the outcome of the action in order to establish standing." (Emphasis deleted.) *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014–Ohio–4275, 21 N.E.3d 1040, ¶ 23, citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007–Ohio–5024, 875 N.E.2d 550, ¶ 27.

**{¶49}** "In an action for foreclosure, the mortgagor must establish an interest in the promissory note or mortgage in order to have standing in the action." *Bank of Am., N.A. v. Beato,* 7th Dist. No. No. 15 MA 0028, 2016-Ohio-8035, ¶ 7, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012–Ohio–5017, 979 N.E.2d 1214, ¶ 28. "Although standing to file a foreclosure action must exist at the time the complaint is filed, it need not be proven by the plaintiff in the complaint and can be proven if contested later in the action (such as at the summary judgment stage)." *Crow* at ¶ 14, citing *Horn*, 142 Ohio St.3d 416 at ¶ 12, applying *Schwartzwald*.

**{¶50}** The Browns argue there is a genuine issue of material fact about whether they were the holders of the Note at the time the complaint was filed. A holder of a note is entitled to enforce the instrument pursuant to R.C. 1301.31. A holder in possession is a person in possession of a negotiable instrument that is payable to either bearer or to an identified individual in possession. R.C. 1301.201(B)(21)(a). A note endorsed in blank is bearer paper. R.C. 1303.10(A)(2). As such, Fannie Mae was required to show it had possession of the note when it filed the foreclosure complaint. R.C. 1303.201(B)(21)(a). *See also Beato* at ¶ 10.

**{¶51}** The evidence established that the Note was endorsed in blank in an

allonge. "Indorsements can be included in an allonge attached to the note. An allonge is '[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.' Black's Law Dictionary 88 (9th Ed.2009)." *Bank of Am., N.A. v. Pasqualone*, 10th Dist. No. 13AP–87, 2013-Ohio-5795, ¶ 33, fn.10. Therefore, the Note became bearer paper that Fannie Mae was entitled to enforce so long as it was in possession of the Note at the time the complaint was filed. *See id*. Hampton avers in her affidavit that Fannie Mae was in fact in possession of the Note at that time.

**{¶52}** The Browns also contend that Fannie Mae failed to establish it is the assignee of the Mortgage. In support of its motion for summary judgment, Fannie Mae provided evidence demonstrating that the mortgage was assigned from the original lender, First Federal fsb, to ABN AMRO Mortgage Group, Inc., and that assignment of mortgage was recorded in the official records of Columbiana County on December 13, 2002. Pursuant to a merger, CitiMortgage, Inc., became the successor of ABN AMRO Mortgage Group, Inc. "Once an existing bank takes the place of another bank after a merger, no further action is necessary to become a real party in interest." (Citations omitted.) *Bank of America v. Laster*, 8th Dist. No. 100606, 2014-Ohio-2536, ¶ 15. CitiMortgage then assigned the mortgage to Fannie Mae, and the assignment of mortgage was recorded on February 24, 2014. The Browns presented no evidence to rebut the chain of assignments. Accordingly, Fannie Mae is the real party in interest and had standing to bring the instant suit. Thus, this portion of the Browns' fifth assignment of error is meritless.

### *Conditions Precedent*

**{¶53}** The Browns argue, as part of their second assignment of error, that there are genuine issues of material fact about whether Fannie Mae met all conditions precedent prior to declaring the Note to be in default and commencing the instant foreclosure suit.

**{¶54}** Civ.R. 9(C) provides: "In pleading the performance or occurrence of

conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." By contrast, "[a] denial of performance or occurrence shall be made *specifically and with particularity*." (Emphasis added.) *Id.* "Conditions precedent that are not denied in the manner provided by Civ.R. 9(C) are deemed admitted." *See also PNC Mtge. v. Garland*, 7th Dist. No. 12 MA 222, 2014–Ohio–1173, ¶ 31. Failure to answer with specificity bars the defendants from later contesting noncompliance in their brief in opposition to summary judgment, and on appeal. *Id.* at ¶ 36.

{¶55} In its complaint, in paragraph 6, Fannie Mae generally averred that: "[t]he Note and Mortgage are in default. Plaintiff has satisfied conditions precedent and declared the entire balance due and payable." The Browns' answer contains only a general denial of Fannie Mae's averments about satisfying conditions precedent. Paragraph six of their answer states: "Brown denies the allegations contained in Paragraph Six of Plaintiff's Complaint."

{¶56} The Browns assert that Fannie Mae merely pleading in its complaint that conditions precedent were met, as opposed to stating *all* conditions precedent were met, was insufficient; they claim the omission of the word "all" relieved the Browns of pleading with specificity which conditions precedent Fannie Mae failed to satisfy. However, Civ.R. 9(C) presents only a general pleading burden on the plaintiff; even absent the word "all," paragraph 6 of Fannie Mae's complaint complies with Civ.R. 9(C).

{¶57} The Browns further assert that later portions in their answer somehow save the condition precedent arguments from waiver. Specifically, they point to paragraphs 22-24 of their answer, which state, respectively: "Plaintiff's Complaint should be dismissed due to Plaintiff's failure to properly credit payments Brown made on the subject Note;" "Plaintiff's Complaint should be dismissed because Brown is not in default of any payments to Plaintiff;" and, "Plaintiff's claim is barred due to Plaintiff's failure to submit required documentation substantiating the indebtedness Plaintiff claims in Plaintiffs Complaint".

**{¶58}** These statements are unresponsive to Fannie Mae's averments about satisfying all conditions precedent. The fact remains that the Browns' response in their Answer to paragraph 6 of the Complaint specifically responding to Fannie Mae's assertions about performing conditions precedent makes only a general denial thereof. Under Civ.R. 9(C) and *Garland*, paragraph six is deemed admitted and the Browns' arguments regarding noncompliance are waived for summary judgment purposes and on appeal. Accordingly, this portion of the Browns' second assignment of error is meritless.

### *Amount Due on Note*

**{¶59}** Finally, the Browns argue, as part of their first assignment of error, that there are genuine issues of material fact regarding the amount due on the Note. The amount due was specified in the complaint and in summary judgment evidence. Hampton states in her affidavit, which was filed in support of summary judgment: "[The Browns owe] the principal sum of $83,267.82 plus interest at 6.125% per annum from September 1, 2013 plus advances for taxes, insurance, and otherwise to protect the property, if any. A true and accurate copy of the Payment History for [the Browns'] loan is attached hereto as Exhibit A-5."

**{¶60}** In summary judgment proceedings in foreclosure cases, courts have consistently held that "an averment of outstanding indebtedness made in the affidavit of a bank loan officer with personal knowledge of the debtor's account is sufficient to establish the amount due and owing on the note, unless the debtor refutes the averred indebtedness with evidence that a different amount is owed." *Natl. City Bank v. TAB Holdings, Ltd.*, 6th Dist. No. E-10-060, 2011-Ohio-3715, ¶ 12 (citing cases). Thus, the Hampton affidavit is sufficient evidence of the amount owed on the Note.

**{¶61}** Further, the Browns failed to meet their reciprocal summary judgment burden by providing evidence of a different amount due. As discussed, the Browns do not dispute that they defaulted on their payment obligations under the Note. They failed to provide any evidence demonstrating they complied with their payment obligations on or after October 1, 2013.

**{¶62}** The Browns attempt to make a material issue out of the $195,280.54 principal amount that appears on the first two lines of the loan payment history authenticated in the Hampton affidavit, filed in support of Fannie Mae's motion for summary judgment. A review of the payment history reveals that amount was adjusted to $95,779.26 the same day. Thereafter, the balance steadily decreases until reaching the principal amount that Fannie Mae pled of $83,267.82.

**{¶63}** The Browns fail to explain how the $195,280.54 figure, which was immediately adjusted to an amount below the original principal balance of the loan, serves to undermine the trial court's judgment in Fannie Mae's favor. The Browns did not oppose Fannie Mae's Motion for summary judgment with evidence of a different amount owed to create an issue of material fact. Accordingly, this portion of the Browns' first assignment of error is also meritless.

**{¶64}** In sum, all of the Browns' assignments of error are meritless. The trial court properly dismissed the Browns' third-party complaint and counterclaims and declined to give that ruling Civ.R. 54(B) certification. The trial court properly granted summary judgment in favor of Fannie Mae on its complaint. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P. J., concurs.