# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

JAD RENTALS OF YOUNGSTOWN, LLC,

Plaintiff-Appellee,

v.

SHARON L. COX,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0096**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2018 CV 878

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Alden Chevlen* , 5202 Nashua Drive, Youngstown, Ohio 44512, for Plaintiff-Appellee and

*Atty. John Ams,* 134 Westchester Drive, Youngstown, Ohio 44515, for Defendant-Appellant.

Dated:  January 27, 2021

---

**D'Apolito, J.**

{¶1}    Appellant, Sharon L. Cox, appeals from the judgment of the Mahoning County Court of Common Pleas overruling her objection and adopting the magistrate's decision awarding Appellee, JAD Rentals of Youngstown, LLC, specific performance on a breach of a real estate purchase contract.  On appeal, Cox asserts the trial court abused its discretion in adopting the magistrate's decision.  Cox specifically alleges the trial court's judgment applies the incorrect legal standard of "substantial hardship" for determining whether specific performance is the appropriate remedy and fails to cite case law to support its conclusion.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    This matter involves a breach of contract based upon an executed, written agreement for the purchase and sale of property located at 324 North Fruit Street, Youngstown, Mahoning County, Ohio, 44506, Permanent Parcel No. 53-026-0-044-00.0.  JAD Rentals (as buyer) and Cox (as seller) entered into and executed the written agreement on February 12, 2018 (Exhibit B; Plaintiff's Exhibit 1).  Cox agreed to sell and JAD Rentals agreed to buy the subject premises for $41,000.  JAD Rentals remitted and Cox accepted a $50 deposit in connection with and in consideration of the parties' execution of the purchase agreement.  An agreed upon closing date was set for March 14, 2018.

{¶3}    Specifically, the parties' agreement, dated February 12, 2018, states:

On this day JAD Rentals of Youngstown LLC, Anita Dintino as Manager and Sharon Cox agree To a Sell (sic) of her properties at 324 Albert St Youngstown Ohio and Lot across the Street for the sale of the Properties a $50.00 Deposit was giving (sic) and the price of the sale of said Properties is $41,000.00[.] Sharon is to set up closing on property With a Title guarantee Within 30 days.

Case No. 19 MA 0096

(2/12/2018 Purchase Agreement; Exhibit B; Plaintiff's Exhibit 1)

**{¶4}** The foregoing language is typed and both parties' signatures appear on the agreement. (*Id.*) In printed handwriting directly underneath the typed paragraph, which is initialed by Cox, it states: "properties taxes payed in full and water bill payed in full." (*Id.*) In addition, as the typed street name is incorrectly listed, the corrected address is contained in the agreement in printed handwriting, which is both initialed and signed by Cox, and states: "property address[,] property is listed as 324 North Fruit[,] Yo., Ohio 44506[.]" (*Id.*)

**{¶5}** JAD Rentals attempted to tender the purchase price to Cox. However, Cox has failed and refused to accept the tender, refused to make the conveyance, refused to proceed to closing, and refused to furnish a title guarantee for the subject premises to JAD Rentals in accordance with the terms of the purchase agreement.

**{¶6}** As a result, on April 4, 2018, JAD Rentals filed a "Complaint for Specific Performance and Damages" against Cox. JAD Rentals alleges that the subject property is unique and valuable and that monetary damages alone are inadequate. On April 27, 2018, Cox filed an answer. On May 23, 2018, Cox filed a motion for summary judgment, which the trial court denied on March 25, 2019.

**{¶7}** A trial was held before the magistrate on March 27, 2019.

**{¶8}** Anita Dintino is the manager of JAD Rentals. (3/27/2019 Trial T.p. 9). Dintino testified for JAD Rentals on direct examination that she has been a licensed cosmetologist for over 25 years and has owned two beauty salons. (*Id.* at 10). Dintino saw a "For Sale" sign at the subject property. (*Id.* at 9). Dintino made numerous attempts via telephone over a two-week period to express her interest. (*Id.*) Her calls were not returned. (*Id.* at 12). Dintino thereafter went to the property and directly expressed her interest in person to Cox. (*Id.* at 12-14). Dintino likes this particular property because JAD Rentals owns a concession trailer and she can operate the trailer outside of the beauty shop. (*Id.* at 22).

**{¶9}** Dintino and Cox later had a discussion regarding the sale of the property. (*Id.* at 13). Dintino offered $41,000 cash, "all inclusive[,]" including "[t]he real estate, the buildings, equipment, et cetera," and prepared the purchase agreement. (*Id.* at 15, 18, 20; Plaintiff's Exhibit 1). The contract stated 30 days for closing, there were no

contingencies, and the building was "as-is." (*Id.* at 15, 19; Plaintiff's Exhibit 1). Cox signed the contract agreeing to all terms. (*Id.* at 16; Plaintiff's Exhibit 1). After the execution of the agreement, and within the 30-day closing period, Dintino contacted Cox to check on the status of the sale after not hearing back from her. (*Id.* at 20).

**{¶10}** On cross-examination, Dintino testified that although the purchase agreement did not specifically state "buyer and seller," it was obvious who the buyer and seller of the property are. (*Id.* at 27-28; Plaintiff's Exhibit 1). Dintino stated the agreement includes the purchase price, the property address, and that a $50 deposit was given. (*Id.* at 28; Plaintiff's Exhibit 1). Dintino said there was a meeting of the minds. (*Id.* at 29). After signing the agreement, the parties discussed title work, which Dintino agreed to pay. (*Id.* at 29-32). A verbal argument subsequently ensued over the telephone and Cox stopped speaking to Dintino. (*Id.* at 36).

**{¶11}** On re-direct, Dintino testified that the language "On this day" in the agreement refers to February 12, 2018, the date the contract was executed by the parties. (*Id.* at 39; Plaintiff's Exhibit 1). The agreement was prepared that day and they met that afternoon to sign it. (*Id.*) Dintino indicated it is clear that Cox owns the property, thereby making her the "seller." (*Id.* at 40).

**{¶12}** Frank Naypaver also testified for JAD Rentals. Naypaver helps his friend, Dintino, on occasion. (*Id.* at 45). Naypaver accompanied Dintino to the beauty salon to inspect the building. (*Id.* at 45-46). Naypaver witnessed both Dintino and Cox sign the agreement but did not hear any discussion regarding its specific terms. (*Id.* at 47).

**{¶13}** Cox testified on direct examination that when Dintino came into her shop indicating that she wanted to purchase the building, Cox initially told her that it was not for sale. (*Id.* at 56). There was a "For Sale" sign in the front yard with a phone number listed for a Tracfone. (*Id.* at 57). Cox said the building was for sale about two or three months before Dintino's inquiry. (*Id.*) Cox did not remove the "For Sale" sign due to the snowy weather. (*Id.*) According to Cox, Dintino was persistent in her efforts to buy the property and offered cash. (*Id.* at 59). Cox felt "threatened." (*Id.* at 60). The two exchanged phone numbers and Dintino left. (*Id.* at 61).

**{¶14}** Dintino thereafter called Cox several times and ultimately offered her $41,000 cash. (*Id.* at 62, 64). Cox called Dintino back and said, "your offer is good." (*Id.*

Case No. 19 MA 0096

at 64). Cox said Dintino asked her to write a little slip of paper stating that Cox wanted to sell the property to Dintino. (*Id.* at 66). Dintino also asked if she could see the basement. (*Id.* at 67).

**{¶15}** The parties met again in person in the afternoon on February 12, 2018. (*Id.* at 68). Naypaver accompanied Dintino to the salon and performed an inspection. (*Id.* at 69). Cox forgot to bring her paper. (*Id.* at 68). However, Dintino brought hers and she and Cox signed the purchase agreement. (*Id.* at 54-55; Plaintiff's Exhibit 1). Cox testified that the deal did not get done within 30 days due to her health issues. (*Id.* at 74). Cox claimed she did not know that the piece of paper she had signed was a contract. (*Id.* at 76).

**{¶16}** On cross-examination, Cox testified she received the building from her mother, Georgia Cox, in 1997. (*Id.* at 80; Exhibit A). Cox personally paid "nothing" for the building. (*Id.* at 81; Exhibit A). Cox said the property was not for sale at the time of Dintino's inquiry, although the "For Sale" sign was still outside. (*Id.*) Cox also said she had several open houses and some fliers printed with a listed asking price of $49,500, "Negotiable to $40,000." (*Id.* at 82-83). Cox stated she had taken two real estate classes in the past. (*Id.* at 85).

**{¶17}** There was no re-direct, and the parties proceeded to closing arguments. (*Id.* at 88-99).

**{¶18}** On June 4, 2019, the magistrate filed a decision awarding JAD Rentals specific performance and ordering Cox to arrange for closing on the property within 30 days. Cox filed an objection to the magistrate's decision on June 18, 2019. JAD Rentals filed an objection to Cox's objection to the magistrate's decision ten days later. On August 12, 2019, the trial court overruled Cox's objection and affirmed and adopted the magistrate's decision.

**{¶19}** Cox filed a timely notice of appeal and raises one assignment of error.[1]

---

[1] On October 30, 2019, this court determined that the trial court's August 12, 2019 judgment entry was not a final, appealable order because it adopted the magistrate's decision without ever stating the rights, duties, and obligations of the parties. As a result, this court held the premature appeal in abeyance for a period of 30 days and issued a limited remand to the trial court for the sole purpose of entering a final, appealable order. Pursuant to this court's limited remand, the trial court filed a final, appealable order on December 13, 2019, and Cox filed an amended notice of appeal ten days later.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT'S DECISION APPLIES THE INCORRECT LEGAL STANDARD OF "SUBSTANTIAL HARDSHIP" FOR DETERMINING WHETHER SPECIFIC PERFORMANCE IS THE APPROPRIATE REMEDY AND CITES NO LAW TO SUPPORT ITS CONCLUSION.**

**{¶20}** "An appellate court reviews the trial court's adoption of a magistrate's decision under an abuse of discretion standard. *Proctor v. Proctor*, 48 Ohio App.3d 55, 548 N.E.2d 287 (3d Dist.1988). The trial court's determination will only be reversed where it appears the trial court's action was unreasonable or arbitrary. *Id.*" *Kurilla v. Basista Holdings, LLC*, 7th Dist. Mahoning No. 16 MA 0101, 2017-Ohio-9370, ¶ 17.

> In order to establish a breach of contract claim, a plaintiff must demonstrate by a preponderance of the evidence that: (1) a contract existed, (2) the plaintiff fulfilled its obligations, (3) the defendants failed to fulfill their obligations, and (4) damages resulted from this failure. *Fed. Natl. Mtge. Assn. v. Brown*, 7th Dist. Columbiana No. 16 CO 0008, 2017-Ohio-9237, ¶ 26. A preponderance of the evidence "is evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not (* * *) or evidence which is more credible and convincing to the mind." *Alazaus v. Haun*, 7th Dist. Carroll No. 740, 2001-Ohio-3230, quoting Black's Law Dictionary (6th Ed. Abr. 1991) 819.

*Snyder v. Lawrence*, 7th Dist. Carroll No. 19 CA 0938, 2020-Ohio-3358, ¶ 26.

**{¶21}** "'(R)eal estate is almost always unique, and specific performance of a written contract for its sale is a common remedy for a breach of that contract.'" *Shrock v. Mullet*, 7th Dist. Jefferson No. 18 JE 0018, 2019-Ohio-2707, ¶ 60, quoting *Holstein v. Crescent Communities, Inc.*, 10th Dist. Franklin No. 02AP-1241, 2003-Ohio-4760, ¶ 16.

**{¶22}** In its December 13, 2019 judgment, the trial court stated:

Case No. 19 MA 0096

In the case at bar, the Court finds that a contract existed. The parties agree that Ms. Dintino made an offer of $41,000.00; Ms. Cox accepted the offer; there was a meeting of the minds with regard to the essential terms; Ms. Dintino gave Ms. Cox $50.00 as consideration for the sale of the property; and there was certainty as to the essential terms, including the description of the property. See *Walkana v. Hanna*, 1988 Ohio App. LEXIS 4357 (finding a property address was a sufficient description, and if further description was necessary parole evidence could be offered to better describe the property.)

Further, the Court finds that Defendant breached the contract. A contract existed; Plaintiff fulfilled her obligation by paying the agreed upon deposit to Defendant; Defendant failed to fulfill her obligations by scheduling the closing within 30 days of the date of the Agreement; and Plaintiff was damaged by said failure. Specifically, Plaintiff was out the deposit and the property she had chosen because of the beauty shop and vacant land that would accommodate her trailer.

In the action herein, Plaintiff seeks specific performance of the contract, or in the alternative, monetary damages. Ms. Dintino testified that she selected this particular property because it had both a hair salon (she is a cosmetologist) and an open area of land to accommodate her concession trailer. Thus, Plaintiff is desirous of acquiring this particular parcel that fits its needs. Defendant testified that she suffers from some physical ailments that have caused her ongoing issues and inconvenience; however, she presented no evidence that specific performance would present a substantial hardship to her. Essentially, she characterized Ms. Dintino as annoying and even harassing with her constant prodding with respect to the purchase of the property. Nonetheless, the evidence suggests that she voluntarily entered into the contract for the sale of the property. Further, the Court finds JAD is ready, willing and able to perform. Accordingly, this Court

Case No. 19 MA 0096

finds the only appropriate remedy in the case at bar is specific performance of the contract.

(12/13/2019 Judgment Entry, p. 2-3).

**{¶23}** Cox mainly argues that no contract exists because the written agreement is ambiguous. Dintino, on the other hand, stresses that the contract language is clear. Based on the record before us, this court does not find that the trial court abused its discretion in determining that a contract exists. Clearly, there was an offer, acceptance, and consideration. *See, e.g., Sugar v. Blum*, 7th Dist. Mahoning No. 02 CA 234, 2004-Ohio-1384, ¶ 14. There is nothing in the agreement which is uncertain, ambiguous, or fraudulent. Although the contract is very simple, it contains the necessary elements to be binding.

**{¶24}** Parole evidence was introduced merely in response to Cox's attack on the use of the pronouns and the legality of the contract. However, one can easily discern from the contract language that Cox is the seller, as "Cox agree[d] To a Sell (sic) of her properties[.]" (2/12/2018 Purchase Agreement; Exhibit B; Plaintiff's Exhibit 1). One can also easily discern that JAD Rentals is the buyer, as there are only two parties to the contract, Cox and JAD Rentals, and the contract language provides: "JAD Rentals of Youngstown LLC, Anita Dintino as Manager and Sharon Cox agree To a Sell (sic) of her properties[.]" (*Id.*) The testimony of Dintino, Naypaver, and Cox at the trial before the magistrate further corroborates that Cox is the seller and JAD Rentals is the buyer.

**{¶25}** Although the typed street name is incorrectly listed, the corrected address is contained in the agreement in printed handwriting, which is both initialed and signed by Cox, and states: "property address[,] property is listed as 324 North Fruit[,] Yo., Ohio 44506[.]" (*Id.*) The agreement clearly sets forth the purchase price, "$41,000.00" and a deposit amount of "$50.00." (*Id.*) The agreement also includes the time for performance: "Sharon is to set up closing on property With a Title guarantee Within 30 days." (*Id.*) Although Cox alleges there was no "meeting of the minds," she and Dintino both voluntarily signed the agreement on February 12, 2018. In fact, Cox initialed the agreement two times and also signed it two times. (*Id.*)

**{¶26}** In support of her position that the trial court erred in granting specific

performance to JAD Rentals, Cox cites to *Roth v. Habansky*, 8th Dist. Cuyahoga No. 82027, 2003-Ohio-5378.  Our Sister Court indicated that a contract must be "free from any misrepresentation or misapprehension, fraud or mistake, imposition or surprise; not an unconscionable or hard bargain; and its performance not oppressive upon the defendant[.]"  *Id.* at ¶ 16.  *Roth* stressed that "[i]t is well established that specific performance will not be granted where it will cause unreasonable hardship, loss or injustice to the party in breach."  *Id.* at ¶ 19.  The court held that the purchasers were not entitled to specific performance of a real estate contract, concluding that enforcement of the contract would be "oppressive" because of "hardship" to the sellers.  *Id.* at ¶ 19-20.

{¶27}  Unlike *Roth*, there is no misrepresentation, fraud, surprise, or mistake regarding the agreement at issue in the case at bar.  Although Cox found Dintino's demeanor to be annoying and overbearing at times, there is no evidence that Cox was coerced into signing the contract.  There is also no evidence that Cox would incur any hardship by selling the property to JAD Rentals.

{¶28}  The trial court relied on the plain language of the contract, which was closely examined during trial, and upheld the contract as written and understood by both parties. The property here is unique in that JAD Rentals seeks a beauty salon with additional land, zoned commercial, on which it may operate a second business, a food concession trailer. Dintino testified that she had been looking for a property with the foregoing, specific characteristics for quite some time and that Cox's property met that criteria.  (3/27/2019 Trial T.p. 22).  Dintino conducted the necessary due diligence and was willing to pay a premium for the property.  (*Id.* at 22-23).

{¶29}  This court does not find that the trial court committed error in determining that Cox's property is unique and, thus, subject to specific performance.  *See Shrock, supra,* at ¶ 60.  There is no evidence in the record that the "common remedy" of specific performance will cause Cox any hardship or injustice.  *Id.*  Upon consideration, the trial court did not abuse its discretion in overruling Cox's objection and adopting the magistrate's decision.

## CONCLUSION

{¶30}  For the foregoing reasons, Cox's sole assignment of error is not well-taken.

The judgment of the Mahoning County Court of Common Pleas adopting the magistrate's decision and awarding JAD Rentals specific performance on the real estate purchase contract is affirmed.

Waite, J., concurs.

Robb, J., concurs.

Case No. 19 MA 0096

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**